**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **YVONNE BROWN, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) No. 3:11-CV-3340-N-BH |
| | ) |
| **ATX GROUP, INC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Special Order 3-251* and the order of reference dated October 16, 2012, before the Court for recommendation are *Plaintiffs Emergency Motion to Reinstate Case* (doc. 62) and *Plaintiffs Emergency Motion to Vacate Order Adopting Magisrte's [sic] Findings and Recommendation* (doc. 63), both filed October 6, 2012, and *Plaintiffs Motion for Preliminary Injuction [sic] and Memorandum in Support Thereof,* filed October 10, 2012 (doc. 64). Also before the Court is *Plaintiffs Emergency Motion for Trial Court to Order Clerk to Serve Yvonne Brown with Magistrate's Recommendation Regarding Plaintiffs Request to Proceed In Forma Pauperis on Appeal*, filed October 25, 2012 (doc. 72). Based on the relevant filings and applicable law, the motions should be **DENIED**.

**I. PROCEDURAL HISTORY**[1]

On December 2, 2011, Plaintiffs Yvonne Brown (Mrs. Brown) and Basil Brown (Mr. Brown) (collectively Plaintiffs) sued ATX Group, Inc., and Cross Country Automotive Services, Inc.[2]

---

[1]The relevant background facts were set forth in the Findings, Conclusions and Recommendation dated July 16, 2012 (doc. 41). Because the issues currently before the Court are primarily procedural, those facts will not be recounted here.

[2] On December 1, 2011, the corporate defendants changed their legal names to Agero Connected Services Inc., and Agero, Inc.. (*See* doc. 30 at 1 n.1.)

(collectively Defendants). (*See* doc. 2.) On December 22, 2012, Defendants moved to dismiss Plaintiffs' action, and the Court specifically ordered Plaintiffs to respond by January 12, 2012. (*See* docs. 9, 16.) Plaintiffs failed to do so, but on January 17, 2012, they filed a first amended complaint. (*See* doc. 17.) It alleged violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA); violations of the American with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA); violations of their rights under 42 U.S.C. § 1983; discrimination in violation of the equal protection clause of the Fourteenth Amendment; retaliation; and loss of spousal consortium. (*See id.* at 1.) Plaintiffs sought injunctive and declaratory relief, including an order providing them with protective leave under the FMLA, and specific performance, damages, attorneys fees, expert fees, costs of court, and prejudgment and post-judgment interest. (*Id.* at 17-19.)

On January 30, 2012, Defendants moved to dismiss Plaintiffs' first amended complaint for failure to state a claim. (*See* doc. 19.) On February 16, 2012, Plaintiffs moved to strike the motion to dismiss (doc. 23) as well as the exhibits attached to the motion to dismiss (doc. 24). The Court denied Plaintiffs' motion to strike the motion to dismiss on February 17, 2012. (*See* doc. 25). Plaintiffs did not file a timely response to the motion to dismiss by February 20, 2012. (*See* doc. 22). One day later, Plaintiffs moved for, and were granted, an extension of time until March 5, 2012 to file their response (*see* docs. 27, 31). They filed their response on March 5, 2012 (doc. 33). On May 22, 2012, Plaintiffs moved for temporary intermittent leave under the FMLA. (*See* doc. 36). By findings, conclusions and recommendation dated July 16, 2012 (FCR), it was recommended that the motion to dismiss be granted and that the motion for intermittent leave be denied. (*See* doc. 41.)

One day after the fourteen-day objection period expired, Plaintiffs filed a motion for extension of time to file objections to the FCR (*see* doc. 42) that was granted (*see* doc. 44). On the

date of the extended deadline, they filed a second motion for extension of time to file objections to the FCR (*see* doc. 45) that was granted (*see* doc. 48). They also filed motions for default judgment and recusal. (*See* docs. 46-47.) Plaintiffs filed their objections by the extended deadline along with a motion for an extension of time to file a supporting brief (*see* doc. 51) that was granted (*see* doc. 52). On the date that their brief was due, they filed a motion for extension of time to file amended objections (*see* doc. 53) that was also granted (*see* doc. 54). The deadline for filing amended objections expired on August 24, 2012. Three days later, Plaintiffs filed an emergency motion for leave to file a second amended complaint, but they did not comply with Local Rule 15.1 of the Local Civil Rules for the Northern District of Texas by attaching a copy of the proposed amended complaint. On August 28, 2012, Plaintiffs were ordered to file an amended motion that complied with Local Rule 15.1 by September 4, 2012. Plaintiffs failed to file an amended motion, or anything else by September 11, 2012, when the Court accepted the FCR, granted Defendants' motion to dismiss and entered judgment for Defendants. (*See* docs. 60-61.)

On October 5, 2012, Plaintiffs filed their motions to reinstate the case and to vacate the order accepting the FCR and granting Defendants' motion to dismiss. (*See* docs. 62, 63.)

## II.  NOTICE

Plaintiffs contend that "[t]he Clerk of this Court has violated a ministerial duty by failing to provide each Plaintiff with their own separate(different), individual, notice of all Trial Court Orders and Final Judgments", thereby wrongfully denying them the opportunity to comply with the orders and thereby resulting in the wrongful dismissal of their lawsuit. (*See* doc. 62 at 4; *see also* doc. 72.) They claim that the August 28 order directing them to file an amended motion for leave by September 4, 2012 and the September 11 order accepting the FCR and judgment were only emailed

3

to Plaintiffs at Mr. Brown's email address, and that Mrs. Brown did not properly receive notice of these documents at her email address:

> Each Plaintiff provided their own personal, separate(different) email address to be used as their electronic mail address. Each Plaintiff was approved for electronic filing and provided with a user name and password. This fact is substantiated by the fact that the clerk of this Court, Diana Schwartz, submitted an electronic filing to each of the Plaintiffs on June 21, 2012 at each of the Plaintiffs individual, separate(different) electronic mail(email) addresses.

(*See* doc. 62 at 2.) The motion also contends that Mr. Brown's email address became inoperable during the last week of August, and that he was unable to retrieve any emails until approximately September 16, 2012. *Id.* at 2-3. As a result, Plaintiffs allegedly did not receive notice of the August 28 or the September 11 orders. *Id.* Finally, they contend that they properly completed applications for a PACER account in early August 2012 that would allow them to print all filings, but that they had not been provided with one as of October 6, 2012. (*See* doc. 63 at 2-3.) Plaintiffs move for separate notice to Mrs. Brown of the recommendation for denial of *in forma pauperis* status on appeal. (*See* doc. 72.)

Local Rule 1.1(2)(2) of the Civil Local Rules for the Northern District of Texas provides that *pro se* litigants are "attorneys" for purposes of the Local Rules. Local Rule 83.13(b) provides that when the contact information for an attorney who is a registered ECF user changes, including business address, *e-mail address*, telephone number, facsimile number, or name, that attorney must promptly change the information in ECF following procedures set forth in the ECF Administrative Procedures Manual (ECF APM) for "Maintaining Your Account". The ECF APM may be found on the Court's public website under the link for "Filing." According to these procedures, ECF users are responsible for providing e-mail addresses at the time of registration for ECF filing, and for updating those addresses.

4

On December 23, 2011, each Plaintiff registered with the Clerk's Office for electronic case filing (ECF) using the same email address, basil.brown@live.com, and received a password. *See* attachments 1 and 2 hereto.

A member of the Clerk's Office sent Ms. Brown an email about a deficient filing at her personal address on June 21, 2012. (*See* doc. 62, attachment 2.) The source for that address is not reflected on the docket, but the email to that address did not result from a change to Mrs. Brown's ECF email address.

The docket reflects 17 filings between the date of the June 21 email and the August 28 order that Plaintiffs now contend they did not receive. The notices for all of these filings, including Plaintiffs' own, reflect Mrs. Brown's registered email address of basil.brown@live.com. Plaintiffs never complained, and still do not complain, that any filings prior to the August 28 order were not properly sent to Mrs. Brown at her own email address.

Plaintiffs applied for a PACER account, and the Clerk's Office has confirmed that one was registered for them on August 15, 2012. *See* attachment 3.

On September 6, 2012, Plaintiffs sent Defendants an email from the email account that they allege was inoperable between the last week of August through September 16, 2012. (*See* doc. 68 at 7 & App. 4.) Plaintiffs did not respond to Defendants' allegations that this evidence contradicts their allegations that the email account was inoperable. Nor do they otherwise provide any explanation for the email from that allegedly inoperable account.

On October 22, 2012, Mr. Brown was specifically advised by a member of the Clerk's Office in writing of the requirements and procedures for updating email addresses for purposes of ECF notices. *See* attachment 4.

5

As of November 30, 2012, the Court's ECF system reflects no changes to the email address initially provided by Mrs. Brown at registration. *See* attachment 5.

The docket reflects that all formal ECF notices were properly sent to Mrs. Brown at her current registered email address for such notices. The Clerk's Office therefore did not violate any ministerial duty to provide Mrs. Brown notice at an email address that is not reflected in her ECF registration or account, even if it sent her an informal notice at her preferred address on one occasion, either inadvertently or as a courtesy.

Actual lack of notice to Mrs. Brown (if any) stems from apparent outright refusal to comply with the posted procedures for maintaining an ECF account. The motion for separate notice to Mrs. Brown (doc. 72) at an unregistered email address despite her failure to follow the proper published procedures to update her ECF account status should be denied.

### III.  RULE 60(b)

Plaintiffs' motions to reinstate and to vacate may be liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b). It provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6).

**A.**     **60(b)(1)**

A lack of notice may serve as a basis for a Rule 60(b) motion under the excusable neglect

exception in paragraph (1). *See Quilling v. Schonsky*, 247 Fed. App'x 583, 587 (5th Cir. 2007) (citing *McKenzie v. Principi*, 83 Fed. App'x 642 (5th Cir. 2003)); *see also Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 393-94 (1993) (noting that "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence"). When determining whether there has been excusable neglect, courts review "'all relevant circumstances surrounding the party's omission'", including (1) "'the danger of prejudice to the [non-movant],' (2) 'the length of the delay and its potential impact on judicial proceedings,' and (3) 'the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Johnson v. Potter*, 364 Fed. App'x 159, 164 (5th Cir. 2010) (citing *Pioneer Inv. Serv. Co.*)). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service,* 769 F.2d 281, 286 (5th Cir.1985).

Here, the Court should exercise its discretion to find that Plaintiffs have not shown "excusable neglect" or otherwise made the requisite showing for relief under Rule 60(b)(1). First, their contentions that the Clerk's Office failed to properly provide notice to Mrs. Brown lack merit. All formal ECF notices were properly sent to Mrs. Brown at her current registered email address for such notices. To the extent that Mrs. Brown may be alleging that she mistakenly believed that she had changed her registered e-mail address to the one reflected in the email, she has not alleged or provided evidence to show that she requested anyone at the Clerk's Office to change her registered ECF email address, or that she attempted to follow the posted procedures for making such changes. In addition, all notices after the June 21 email continued to be sent to her registered address, but she

7

never complained that they were being sent to the wrong email address.  Plaintiffs' unexplained email from their ECF-registered email account to Defendants during the time that the account was allegedly inoperable calls into question their claims that the registered account was inoperable and that they therefore did not receive notice of the August 28 order and the September 11 order and judgment.  Significantly, even after being advised of the proper procedure for updating Mrs. Brown's account, Plaintiffs continue to insist that she receive notice at an email address that is not reflected in her ECF registration or account.  Plaintiffs have alleged no facts to support a finding of inadvertence in the failure to update her account.

In addition, Plaintiffs' allegations that they have still not received a PACER account that could have been used to view filings are apparently incorrect.  They received a PACER account on August 15, 2012.  Notwithstanding their access to PACER, they do not allege that they attempted to determine the status of their case by going to the Clerk's Office to use the free public terminals, or that they called to find out the status of their case after learning that their email account was allegedly inoperable even if they believed that they did not have access to PACER.  Plaintiffs do not allege excusable negligence on their part; they only allege a failure by the Clerk's Office to provide them proper notice.  The totality of these circumstances do not support a finding of excusable negligence on their part, even if alleged.

Nor do these circumstances, in light of Plaintiffs' conduct throughout the litigation of this case, support a finding of good faith. They have missed filing deadlines and requested multiple extensions of time to file objections to the FCR.  They ultimately filed initial objections to the FCR and then moved for and received an extension to file a supporting brief.  On the date it was due, they moved for and received an extension of time and leave to file amended objections.  Plaintiffs

8

allowed the extended deadline for filing amended objections to elapse. They elected instead to move for leave to file an amended complaint, but they failed to comply with the Local Rules for filing a proper motion for leave to amend. Consistent disregard of court orders may be considered while assessing the propriety of post-judgment relief. *See Johnson*, 364 Fed. App'x at 164.[3]

Finally, and most significantly, the judgment was not the result of a lack of notice of the pending motion to dismiss or a failure to respond. Plaintiffs responded to the motion to dismiss and actually filed objections to the FCR that were considered by the Court prior to accepting the recommendation and entering judgment for Defendants. *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998) ("Our caselaw allows for more leniency in opening up *default* judgments, not those in which the court has had a chance to evaluate the merits"); *McKenzie v. Principi*, 83 Fed.Appx. 642, 644 (5th Cir. 2003) ("Greater leniency should be exercised in finding excusable neglect where failure to grant a motion for relief would result in a default judgment.") This fact weighs in favor of a finding of prejudice to the Defendants. Plaintiffs have not shown unusual or unique circumstances justifying relief under Rule 60(b)(1) for excusable neglect.

**B.    60(b)(2)**

Plaintiffs allege that after the July 16, 2012 FCR, the Department of Labor issued a clarification on August 17, 2012, and their child's doctor issued an August 17, 2012 addendum to the original certification of Mrs. Brown's need for leave and a "recertification" on September 20, 2012 or October 1, 2012. (*See* doc. 63 at 3, 4.) They also claim that on October 9, 2012, Mrs. Brown was assessed disciplinary attendance points and was placed on a "written warning" that

---

[3] Notably, similar conduct was recited by a state appellate court in making its determination that Plaintiffs were vexatious litigants. *See Brown v. Texas State Bd. of Nurse Examiners,* No. 03-05-00508-CV, 2007 WL 3034321 (Tex. App. -- Austin, Oct. 18, 2007, pet. denied).

9

additional points could lead to a "final warning" and termination. (*See* doc. 64 at 2.) Their claims may be liberally construed as alleging the existence of newly discovered evidence that, with reasonable diligence, could not have been discovered earlier as a basis for relief from the judgment under Rule 60(b)(2).

To succeed on a motion under Rule 60(b)(2), the "movant must demonstrate '(1) that it exercised due diligence in obtaining the information; and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Thermacor Process, L.P. v. BASF Corp.,* 567 F.3d 736, 744 (5th Cir. 2009) (quoting *Hesling v. CSX Transp., Inc.,* 396 F. 3d 632, 639 (5th Cir. 2005)). Evidence that is "'merely cumulative or impeaching and would not have changed the result'" does not suffice. *Id.*

Plaintiffs have not shown that the August 17, 2012 clarification or the August 17, 2012 addendum constitute newly discovered evidence that could not have been found earlier despite the exercise of due diligence. They cited both documents in their motion for leave to amend their complaint as bases for amendment prior to entry of judgment dated August 27, 2012. (*See* doc. 58 at 2.) As for the September 20, 2012 or October 1, 2012 "recertification" and the October 9, 2012 assessment of disciplinary points, "'newly discovered evidence must have been in existence at the time of the trial and not discovered until after trial." *General Universal Sys., Inc. v. Lee,* 379 F.3d 131, 158 (5th Cir. 2004) (quoting *Longden v. Sunderman*, 979 F.2d 1095, 1102-03 (5th Cir. 1992); *Chilson v. Metropolitan Transit Authority*, 796 F.2d 69 (5th Cir. 1986) (citing *NLRB v. Jacob Decker & Sons,* 569 F.2d 357, 364 (5th Cir.1978)). The "recertification"and disciplinary points and warning are new evidence that was not in existence at the time of the judgment and cannot form the basis for relief under Rule 60(b)(2). *See id.*

Nor have the Plaintiffs demonstrated that their new evidence is "material and controlling and clearly would have produced a different result if presented before the original judgment." *See Thermacor Process, L.P.,* 567 F.3d at 744. Although Plaintiffs seek to provide additional evidence of Mrs. Brown's entitlement to FMLA leave through the addenda and certifications, they have still not alleged facts to support an inference that she has been prejudiced by FMLA violations as required for a prescriptive FMLA claim. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002); *Richardson v. Monitronics Int'l, Inc.*, 3:02-CV-2338-N, 2004 WL 287730, at *2-4 (N.D. Tex. Jan. 27, 2004) (Godbey, J.). As noted in the FCR, "[a]n employer is only liable for compensation and benefits lost 'by reason of the violation,' for other monetary losses sustained "as a direct result of the violation,' and for 'appropriate' equitable relief including employment, reinstatement, and promotion." *See Ragsdale,* 535 U.S. at 89 (citing 29 U.S.C. § 2617(a)(1)). She does not allege any days for which she required FMLA eligible leave, was denied such leave, and reported for work. Plaintiffs have also not alleged that she suffered an adverse employment decision as a result of any leave request for purposes of stating a proscriptive retaliation claim. A disciplinary warning alone is not an adverse employment action for purposes of a retaliation FMLA claim. *See DeSmit v. DFW Int'l. Airport Bd.*, 2011 WL 5346315, at *3 (N.D. Tex. Nov. 2, 2011) (citing *Dehart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 442 (5th Cir. 2007)). Plaintiffs have therefore not shown entitlement to relief from the judgment based on Rule 60(b)(2).

**C.    60(b)(6)**

Plaintiffs' contentions may also be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). It is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional

11

circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

Plaintiffs have not alleged extraordinary circumstances in this case. They complain that they did not have an opportunity to file a corrected motion for leave to amend their complaint. In *Crenshaw-Logal v. City of Abilene*, 436 Fed.Appx. 306, 309-10 (5th Cir. 2011), the Fifth Circuit noted that although a pro se litigant ordinarily is entitled to file an amended complaint before her claims are dismissed, the plaintiff never moved for leave to amend and never provided any indication in her complaint, her opposition to the motion to dismiss, or her Rule 60(b)(6) motion that she would be able to establish standing in an amended complaint. It further noted that a "district court does not abuse its discretion in denying leave to amend when amendment would be futile." *Id.* at 10 (citing *Briggs v. Mississippi,* 331 F.3d 499, 508 (5th Cir.2003)). It therefore upheld the denial of a Rule 60(b)(6) motion. *Id.*

Here, Plaintiffs did move for leave to amend but did not provide a proposed amended complaint. Neither their pleadings, their motion for leave to amend, or their pending motions that have been construed as arising under Rule 60(b) show that they will be able to state a claim against Defendants. As discussed in the prior section, none of Plaintiffs' relevant filings have alleged prejudice for purposes of a prescriptive FMLA claim or an adverse employment action for purposes of a proscriptive FMLA claim. As also noted, with the exception of the August 17, 2012 addenda, all of the allegations that Plaintiffs now seek to add in an amended complaint occurred after the date of judgment.

Plaintiffs have not shown exceptional or extraordinary circumstances such that denial of their

Rule 60(b) motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 Fed.App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Because Rule 60(b) relief is not appropriate, their motion for injunctive relief should also be denied.[4]

## IV. RECOMMENDATION

*Plaintiffs Emergency Motion to Reinstate Case* (doc. 62), *Plaintiffs Emergency Motion to Vacate Order Adopting Magisrte's [sic] Findings and Recommendation* (doc. 63), both filed October 6, 2012, *Plaintiffs Motion for Preliminary Injuction [sic] and Memorandum in Support Thereof,* filed October 10, 2012 (doc. 64), and *Plaintiffs Emergency Motion for Trial Court to Order Clerk to Serve Yvonne Brown with Magistrate's Recommendation Regarding Plaintiffs Request to Proceed In Forma Pauperis on Appeal*, filed October 25, 2012 (doc. 72), should all be **DENIED**.

**SO RECOMMENDED** on this 4th day of December, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] As discussed, they have not pled sufficient facts to state an FMLA cause of action. They have therefore also not independently shown entitlement to injunctive relief. *See Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE